JUDITH H. BRAECKLEIN, ESQ.
Nevada Bar No. 003322
2551 S. Ft. Apache Road, #103
Las Vegas, Nevada 89117
(702) 233-8683; FAX:(702) 233-8661
jhbraecklein@kirkhugheslaw.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:                                    )    CASE NO.: BK-S-10-10004-BAM
                                          )    Chapter 11
GERALDINE KIRK-HUGHES,                    )
                                          )
        Debtor.                           )
_____)

### GERALDINE KIRK-HUGHES' CHAPTER 11 PLAN FOR REORGANIZATION
### DATED MAY 24, 2010

### ARTICLE I – SUMMARY

This Plan of Reorganization (the Plan) under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code) proposes to pay the Creditors of GERALDINE KIRK-HUGHES (the Debtor) from future income. This Plan provides for seven (7) classes of secured claims, two (2) classes of priority claims and one (1) class of unsecured claims. Unsecured creditors holding allowed claims will receive distributions which Debtor has valued at approximately One Cent ($.01) on the dollar. This Plan also provides for the payment in full of Administrative and priority claims.

All Creditors should refer to Articles II through VI of this Plan for information regarding the precise treatment of their Claims. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of Creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

///

1

## ARTICLE II – DEFINITIONS AND RULES OF CONSTRUCTION

The definitions and rules of construction set forth in Sections 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

2.01  "<u>Administrative Claim</u>" means a Claim:

(a)  that is entitled to allowance under Bankruptcy Code Section 503(b), or which is otherwise entitled to priority pursuant to Bankruptcy Code Section 507 (a)(1); or

(b)  required to be paid under Bankruptcy Code § 365(b), in connection with curing of defaults of assumed Executory Contracts and Unexpired Leases.

2.02  "<u>Allowed Claim</u>" means a claim, other than an Administrative Expense Claim, against the Debtor or the Estate to the extent that:

(a)  A Proof of Claim with respect thereto was:

(i)  timely filed pursuant to any order of the Bankruptcy Court;

(ii)  or deemed filed pursuant to Bankruptcy Code § 1111(a); or

(iii)  late filed after hearing on notice to Debtor and all Creditors and parties in interest and with leave of the Bankruptcy Court; and

(b)  The Claim is not a Disputed Claim and no party in interest has filed an objection to such Claim in the Bankruptcy Case within the time prescribed by a Final Order of the Bankruptcy Court or within the time prescribed within this First Plan, or if an objection to such Claim has been filed:

(i)  The Claim is allowed by a Final Order; or

(ii)  The Claim is allowed under this First Plan.

2.03  "<u>Allowed Unsecured Claim</u>" means an Unsecured Claim that is an Allowed Claim.

2.04  "<u>Ballot</u>" means the Ballot for accepting or rejecting this Plan in a form approved by the Bankruptcy Court.

2.05 "Ballot Date" means the last date determined by the Bankruptcy Court for the casting of Ballots.

2.06 "Confirmation Date" means the date the Confirmation Order is entered on the Bankruptcy Court's docket.

2.07 "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to Bankruptcy Code § 1129, entered on the Bankruptcy Court's docket.

2.08 "Debtor in Possession" means the property at issue is in the possession of the Debtor, GERALDINE KIRK-HUGHES and has not been foreclosed upon.

2.09 "Disclosure Statement" means the written Disclosure Statement for this Plan that is approved by the Bankruptcy Court pursuant to Bankruptcy Code § 1125.

2.10 "Effective Date" means the date that is 180 days after the date of the entry of the Confirmation Order, provided that the Confirmation Order has not been vacated.

2.11 "Estate" means the estate created in the Reorganization Case by Bankruptcy Code § 541.

2.12 "Final Order" means an order, judgment or other decree of the Bankruptcy Court which has not been reversed, stayed, modified or amended and (i) as to which an appeal or certiorari proceeding that has been or may be taken has been finally resolved, or (ii) as to which the time for appeal or certiorari proceeding has expired and as to which no appeal or petition for certiorari is pending.

2.13 "Petition Date" means March 16, 2010, the date on which a petition for relief under Chapter 11 of the Bankruptcy Code was filed commencing the Reorganization Case.

2.14 "Plan" means this Plan of Reorganization in the form filed by the Debtor and amendments of supplements made thereto in accordance with the Bankruptcy Code.

2.15 "Priority Claim" means a claim entitled to priority pursuant to Bankruptcy Code § 507(a)(2)(7).

2.16   "Priority Tax Claim" means a claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

2.17   "Reorganization Case" means the Debtor's case under Chapter 11 of the Bankruptcy Code which is currently pending before the Bankruptcy Court as Case No. BK-S-10-10004-BAM.

2.18   "Reorganized Debtor" means GERALDINE KIRK-HUGHES on and after the Confirmation Date.

2.19   "Secured Claim" means a claim secured by a lien to the extent of the value of the property of the Debtor or of the Estate securing such claim.

2.20   "Unsecured Claim" means any claim that is not a Secured Claim, a Priority Claim, an Administrative Claim, or an Allowed Equity Interest.

### ARTICLE III -- CLASSIFICATION OF CLAIMS AND INTERESTS

3.01   Class 1.   Every claim that is an Administrative Claim and entitled to priority payment under Section 503 or 507(a)(1) of the Bankruptcy Code which includes U.S. Trustee fee payments owing, if any, at the time of the Confirmation of this Plan. Claims by attorneys and other professionals are subject to approval by the Court as to their being reasonable.

3.02   Class 2.   Every claim that is owing to the Nevada Department of Taxation and entitled to priority payment under Section 507(a)(8).

3.03   Class 3.   The Claim owing to Creditor BAC Home Loans Servicing, LP, secured by real property of the Debtor in Possession located in the State of Idaho and allowed as a Secured Claim under section 506 of the Bankruptcy Code.

3.04   Class 4.   The Claim owing to Creditor BAC Home Loans Servicing, LP, secured by real property of the Debtor in Possession located at 7400 Oak Grove, Las Vegas, Nevada, and allowed as a Secured Claim under section 506 of the Bankruptcy Code.

3.05   Class 5.   The Claim owing to Creditor CitibankNA secured by real property of the Debtor in Possession located at 7400 Oak Grove, Las Vegas, Nevada, and allowed as a

Secured Claim under section 506 of the Bankruptcy Code.

3.06   <u>Class 6.</u>   The Claim owing to Creditor Bank of Nevada/Sahara Mortgage secured by real property of the Debtor in Possession located at 2551 S. Ft. Apache Road, #103, Las Vegas, Nevada, and allowed as a Secured Claim under section 506 of the Bankruptcy Code.

3.07   <u>Class 7.</u>   The Claim owing to Creditor Colson Loan Services secured by real property of the Debtor in Possession located at 2551 S. Ft. Apache Road, #103, Las Vegas, Nevada, and allowed as a Secured Claim under section 506 of the Bankruptcy Code.

3.08   <u>Class 8.</u>   The Claim owing to BAC Home Loans Servicing, LP, secured by real property of the Debtor in Possession located at 1820 LaVerne Circle, Las Vegas, Nevada, and allowed as a Secured Claim under section 506 of the Bankruptcy Code.

3.09   <u>Class 9.</u>   The Claim owing to Balinda Antonie secured by real property of the Debtor in Possession located at 7400 Oak Grove, Las Vegas, Nevada, and allowed as a Secured Claim under section 506 of the Bankruptcy Code.

3.10   <u>Class 10</u>.   All unsecured claims allowed under § 502 of the Bankruptcy Code.

### ARTICLE IV -- TREATMENT OF ADMINISTRATIVE CLAIMS, U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

4.01   <u>Class 1, Administrative Expense Claims</u>.  Each holder of an Administrative Claim allowed under § 503 or 507 of the Bankruptcy Code will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the holder of the Claim and the Debtor.   All <u>U.S. Trustee Fees</u> required to be paid by 28 U.S.C. §1930(a)(6) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

4.02   <u>Class 2, Priority Tax Claims</u>. Each holder of a Priority Tax Claim will be paid in full on the Effective Date, in cash, or upon such other terms as may be agreed upon by the

holder of the claim and the Debtor. No interest is to be paid on these claims.

### ARTICLE V -- TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

5.01    Class 3, Secured Claim.  The sole impaired claim in this Class is the Claim of BAC Home Loans Servicing, LP, which is a Deed of Trust on 5697 E. Aripa Road, Harrison, Idaho, 83833.  Debtor has a Loan Modification pending on this property.  Once the Modification is approved, the Debtor proposes to make payments pursuant to the terms of the settlement Countrywide reached with the U.S. Attorney General's Office.  These payments will be made from future income as Debtor is now back on payroll.  For several months, in order to meet overhead regarding her Law Office, Debtor had to forego any personal wages.  Alternatively, the Debtor could possibly make the monthly Contract payment of Eighteen Hundred Dollars ($1,800.00) plus the monthly taxes and insurance payment of Four Hundred Fifty Dollars ($450.00).  However, this would pose a great hardship on the Debtor.  Interest will be paid on this Class 3 Claim at the Contract rate.

5.02    Class 4, Secured Claim.  The sole claim in this Class is the impaired Claim of BAC Home Loans Servicing, LP, which is a Deed of Trust in first place on 7400 Oak Grove, Las Vegas, Nevada, 89117, the prime residence of the Debtor.  Debtor is bring this loan current and will continue to make ongoing payments of Four Thousand Dollars ($4,000.00) outside of this Plan from future income.  This payment will exist beyond the life of this Reorganized Plan and interest will be paid at the Contract rate.

5.03    Class 5, Secured Claim.  The sole claim in this Class is the impaired Claim of CitibankNA, which is a Deed of Trust in second place on 7400 Oak Grove, Las Vegas, Nevada, 89117, the prime residence of the Debtor.  Debtor is bring this loan current and will continue to make ongoing payments outside of this Plan from future income.  The payment on this second is included in the Four Thousand Dollars ($4,000.00) stated in Paragraph 5.02 with regard to the Class 4 Claim.  This payment will exist beyond the life of this Reorganized Plan and interest will be paid at the Contract rate.

5.04  Class 6, Secured Claim. The sole claim in this Class is the impaired Claim of Bank of Nevada/Sahara Mortgage. The Bank has the Loan with Virgie Vincent of Sahara Mortgage secured by a Note and Deed of Trust in first place on 2551 S. Ft. Apache, #103, Las Vegas, Nevada, 89117. This is the office building of the Debtor's law practice and Ms. Vincent's Mortgage Company. Even though the mortgage is in Ms. Vincent's name and the Debtor has previously made her share of the monthly payments to Ms. Vincent/Sahara Mortgage, the Debtor has entered into a Stipulation and Order to bring this loan current by the end of May, 2010, by paying the Bank of Nevada directly rather than Ms. Vincent. The Debtor will then continue to make her ongoing payments outside of this Plan from future income to the Bank of Nevada, in the amount of Five Thousand Five Hundred Twenty-three Dollars and Thirty-nine Cents ($5,523.39) plus insurance and taxes in the amount of Seven Hundred Fifty Dollars ($750.00). However, pre-petition arrears of one month's payment of Five Thousand Five Hundred Twenty-three Dollars and Thirty-nine Cents ($5,523.39) will be made within this Plan on a pro rata basis. This debt will exist beyond the life of this Reorganized Plan and interest will be paid at the Contract rate.

5.05  Class 7, Secured Claim. The sole claim in this Class is the impaired Claim of Colson Loan Services which is a Deed of Trust in second place on 2551 S. Ft. Apache Road, #103, Las Vegas, Nevada, 89117. Both the first and second loans on this building are in the name of Virgie Vincent of Sahara Mortgage with the building being the location of Debtor's law practice and Ms. Vincent's Mortgage Company. The total monthly amount due on the mortgages is Nine Thousand Eight Hundred Thirty-four Dollars and Sixty-nine Cents ($9,834.69) which calls for Debtor and Ms. Vincent to make monthly payments of Four Thousand Nine Hundred Seventeen Dollars and Thirty-five Cents ($4,917.35). The Debtor has previously made her share of the monthly payments to Ms. Vincent/Sahara Mortgage, but the Debtor has entered into a Stipulation and Order to bring this loan current by the end of May, 2010, by paying the Bank of Nevada directly rather than Ms. Vincent. The Debtor will

then continue to make her ongoing payments outside of this Plan from future income to the Bank of Nevada in the amount of Five Thousand Five Hundred Twenty-three Dollars and Thirty-nine Cents ($5,523.39), By doing this, Ms. Vincent will have to make the monthly payment of Four Thousand Three Hundred Eleven Dollars and Thirty Cents ($4,311.30) to Colson Loan Services. However, to equalize the payments, Ms. Vincent will begin paying the Debtor Six Hundred Six Dollars and Four Cents ($606.04) each month which will be counted as income for the Debtor. Interest will be paid at the Contract rate.

5.06    Class 8, Secured Claim. The sole claim in this Class is the impaired Claim of BAC Home Loans Servicing, LP, which is a Deed of Trust on 1820 LaVerne Circle, Las Vegas, Nevada, 89108. The Debtor has received a conditional approval for a short sale on this property. She is just waiting for the signed Stipulation and Order from BAC's attorney agreeing to the lifting of the Stay with regard to this property only which the Debtor is hopeful the Court will approve as that is all BAC wants to finalize the short sale. With the approval of the short sale, the LaVerne property will be taken out of the Plan and the Debtor will no longer be the Debtor in Possession of the Property which will affect this Plan in a positive way.

5.07    Class 9, Secured Claim. The sole claim in this Class is the unimpaired Claim of Balinda Antonie based on a Promissory Note and Deed of Trust evidencing a Three Hundred Thousand Dollar ($300,000.00)-Debtor in Possession loan on 7400 Oak Grove, Las Vegas, Nevada, 89117. This loan is in third place on the prime residence of the Debtor and will be paid in accordance with the terms of the Promissory Note out of the net income of the Reorganized Debtor.

5.08    Class 10, Unsecured Claims. This Class is comprised of unsecured claims without priority. The claims, as allowed, will be paid in full on a pro rata basis from the future income of the Debtor. No interest is to be paid on these claims.

### ARTICLE VI -- ALLOWANCE AND DISALLOWANCE OF CLAIMS

6.01    Disputed Claim. A disputed claim is a claim that has not been allowed or

disallowed by a final non-appealable Order, and as to which either: (i) a Proof of Claim has been filed or deemed filed, and the Debtor or another party in interest has filed an Objection; or (ii) no Proof of Claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

6.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable Order.

6.03    Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VII -- PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIREDLEASES

7.01    There are no Executory Contracts or Unexpired Leases in this Chapter 11 Bankruptcy Petition.  Therefore, the Debtor will be conclusively deemed to have rejected all Executory Contracts and/or Unexpired Leases not expressly assumed before the Confirmation Date, upon the Effective Date of this Plan.  A Proof of Claim arising from the rejection of an Executory Contract or Unexpired Lease under this Section must be filed no later than sixty (60) days after the Confirmation Date.

## ARTICLE VIII -- MEANS FOR IMPLEMENTATION OF THE PLAN

8.01    Operation and Management of the Reorganized Debtor.  The Plan will be executed by the Debtor through the direction of her Counsel.  After the Confirmation Date, the Reorganized Debtor shall maintain and keep all assets in good repair, order and condition, shall maintain liability and casualty insurance, shall file all tax returns and reports required by law or applicable regulations, shall not take or permit to be taken by others under her direct or indirect control any action that is inconsistent with the Plan or that would interfere with or prevent implementation of the Plan.  The Reorganized Debtor shall retain the service of such professionals as it deems necessary to assist in the implementation of the Plan.

///

## ARTICLE IX -- GENERAL PROVISIONS

9.01  <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to implement and enforce the Confirmation Order and this Plan according to their terms, including but not limited to:

(a) Allowance of compensation and other administrative expenses;

(b) Resolution of objection to claims;

(c) Resolution of all objections, conflicts, controversies or disputes arising out of any sale of assets of the Estate and to provide for additional time for sale of any assets if necessary;

(d) Correction of any defect, omission or inconsistency in the Plan or of the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

(e) Modification of the Plan in accordance with the provisions of Bankruptcy Code § 1127;

(f) Resolution of all questions and disputes regarding title to property and resolution of all causes of action, controversies, disputes or conflicts arising out of the Plan, the Confirmation Order or any other Order issued with respect to the Plan, including, without limitation, disputes arising out of the failure of the Reorganized Debtor, any Creditor or other party in interest to perform obligations required under the Plan;

(g) Resolution of requests to close or reopen this case; and

(h) Assumption or rejection of Executory Contracts that are not discovered or proved to be valid as against the Debtor prior to the Confirmation Date and allowance of claims for damages as to rejection of such Executory Contracts.

9.02  <u>Headings</u>.  The headings in this Plan are for convenience only and shall not limit or otherwise effect the provisions of this Plan.

9.03  <u>Severability</u>.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any

other provision of this Plan.

9.04  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to, the benefit of the successors or assigns of such entity.

9.05  Controlling Effect.  Unless a rule of law or procedure is supplied by Federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

9.06  Notices.  All Notices, payments and correspondence required or permitted by the Plan, unless otherwise indicated, shall be either hand-delivered or mailed by first class United States mail, postage prepaid, as follows:

(a) Debtor:  GERALDINE KIRK-HUGHES
2551 S. Ft. Apache Road, #103
Las Vegas, Nevada
89117

(b) Debtor's Counsel:  JUDITH H. BRAECKLEIN, ESQ.
2551 S Ft. Apache Road, #103
Las Vegas Nevada
89117

(c) Other Parties  At the addresses set forth on the Mailing Matrix maintained in this case by Clerk of the Bankruptcy Court.

Notices shall be deemed given when hand-delivered or when mailed, postage prepaid, through the United States Postal Service.  Any address may be changed by sending written notice of such change to all persons to be charged with knowledge of such address change.

9.07  Reservation of Rights.  The filing of the Plan, any statement or provision contained in the Plan or any action by any party with respect to the Plan, shall not be considered an admission against interest or a waiver of any rights, except as stated in the Plan as finally confirmed.  In the event the Plan is not confirmed, the Plan or any statement or provision contained in the Plan may not be used or relied upon in any suit, action, controversy

or other proceeding.

9.08 <u>Right to Withhold Confirmation Order or Not to Proceed</u>. If there are any impediments or delays in confirming the Plan, the Debtor reserves the rights to withhold the Order confirming the Plan or proceed under the Plan until such time as the Plan has been confirmed by the Court and the Effective Date under the Plan has passed.

9.09 <u>Amount of Claims</u>. All references to claims and the amounts of claims refer to the amount of the Allowed Claim. Creditors holding claims which have been objected to and which are not Allowed Claims prior to the Ballot Date shall not be entitled to vote on the Plan unless, upon request of the Creditor, the Bankruptcy Court estimates such Claim for voting purposes prior to the Ballot Date.

9.10 <u>Time</u>. In computing any period of time described or allowed by this Plan, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is not a Business Day, in which event, the period runs until the end of the next day which is a Business Day. When the period of time prescribed or allowed is less than eight (8) days, intermediate days that are not Business Days shall be excluded from the computation.

9.11 <u>Confirmation by Cramdown</u>. The Debtor may, at any time before the conclusion of the Hearing of Confirmation, verbally move the Bankruptcy Court to confirm the Plan as a "Cramdown" Plan as against a non-consenting Class or Classes of claims pursuant to Bankruptcy Code § 1129(b). Any Class that does not vote to confirm this Plan is deemed to have rejected the Plan.

### ARTICLE X -- DISCHARGE

10.01 <u>Discharge.</u> On the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in §

1141(d)(6)(A) if a timely Complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

DATED this 24th day of May, 2010.

Respectfully submitted,

/s/ Geraldine Kirk-Hughes
_____
GERALDINE KIRK-HUGHES
Reorganized Debtor


/s/ Judith H. Braecklein, Esq.
_____
JUDITH H. BRAECKLEIN, ESQ.
Nevada State Bar #3322
2551 S. Ft. Apache Road, #103
Las Vegas, Nevada 89117
(702) 233-8683; FAX:(702) 233-8661
jhbraecklein@kirkhugheslaw.com
Attorney for Debtor