KIRK-HUGHES & ASSOCIATES
GERALDINE KIRK-HUGHES, ESQ.
Nevada Bar No. 003444
2551 S. Ft. Apache Road, #103
Las Vegas, Nevada  89117
(702) 233-8683
Fax No. (702) 233-8661
gkhughes@kirkhugheslaw.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

In re:                           )    CASE NO.: BK-S-10-10004-BAM
                                 )    Chapter 11
GERALDINE HUGHES,                )
                                 )
        Debtor.                  )    Date:  OST PENDING
_____)    Time:  OST PENDING

**DEBTOR'S MOTION TO SELL 1820 LaVERNE CIRCLE, LAS VEGAS, NEVADA, AND 5697 E. ARIPA ROAD, HARRISON, IDAHO, AND TO LIFT THE STAY AS TO THESE TWO PROPERTIES ONLY**

Debtor GERALIDINE KIRK-HUGHES by and through her attorneys, **LAW OFFICES OF KIRK-HUGHES & ASSOCIATES/PRO SE,** hereby submits this Motion to this Honorable Court for an Order allowing the short sale of the two (2) investment properties named in the title, *supra,* and the lifting of the Stay as to these two (2) sales only.

This Motion is based on the attached Memorandum of Points and Authorities; the Declaration of the Debtor; the pleadings, papers and other records contained in the Court's file; and the evidence and oral argument entertained by the Court at the

///

///

1

time of the Hearing on this Motion.

DATED this 16th day of August, 2010.

**KIRK-HUGHES & ASSOCIATES**

/s/ Geraldine Kirk-Hughes

---

Geraldine Kirk-Hughes, Esq.
Nevada Bar No. 003444
2551 S. Ft. Apache Rd., #103
Las Vegas, Nevada  89117
(702) 233-8683
Fax No. (702) 233-8661
gkhughes@kirkhugheslaw.com
Attorneys for Debtor

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  Statement of Facts

BAC Home Loans Servicing, LP, is the beneficiary and holder of two Promissory Notes that evidence loans to Debtor in the amount of Three Hundred Fifty-nine Thousand Seven Hundred Seventeen Dollars and Seventy-four Cents ($359,717.74) and Five Hundred Ninety-one Thousand Nine Hundred Twenty-nine Dollars and Sixty-eight Cents ($591,929.68).

The first Note is secured by a Deed of Trust in the amount of $359,717.74 against certain real property owned by Debtor and located at 1820 LaVerne Circle, Las Vegas, Nevada, 89108.  The second Note is also secured by a Deed of Trust but in the amount of $591,929.68 against the real property owned by Debtor and located at 5697 E. Aripa Road, Harrison, Idaho.
///

Due to the economic environment that has taken and continues to take its toll on everyone and particularly on those who have invested in real estate, the Debtor has fallen into default on her obligations to the Creditor, BAC HOME LOANS SERVICING, LP, with regard to the above-described real properties. Because of her financial situation, the Debtor, on January 3, 2010, filed a Chapter 13 Petition which was converted to Chapter 11 on or about March 16, 2010.

In her Petition, the Debtor listed four (4) real properties she owns, included the 1820 LaVerne Circle property and the 5697 Aripa Road property. In order to increase the probability of success with regard to the Debtor's Chapter 11 Plan, the Debtor must sell these two (2) properties on short sales and has buyers for each.

In fact, BAC has informed the Debtor that it has conditionally approved the short sales based on the Mortgage Insurance giving its approval, which it will do if the sales are approved by the Bankruptcy Court in this matter and the Stay is lifted only for these specific sales.

## II. Statement of Authorities

*Sale of Properties:*

The Debtor, GERALIDINE KIRK-HUGHES, contends that this Honorable Court can grant her authority to sell the above two real properties pursuant to 11 USC 363(b) which states in

pertinent part: "Section 363. Use, sale, or lease of property. . . . **(b)(1)** The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, . . .."

Upon granting this Motion, the Debtor, under the auspices of the Las Vegas U.S. Trustee's Office, would sell to a qualified buyer as a short sale the real property located at 1820 LaVerne Circle, Las Vegas, Nevada, 89108, and specifically described as

> STONEHAVEN: Plat Book 10, Page 12, Lot 11, Block 2 as recorded in the Office of the County Recorder, Clark County; APN:139-19-318-020.

The Debtor would also sell to a qualified buyer as a short sale the real property located at 5697 E. Aripa Road, Harrison, Idaho, 83833, and specifically described as

> The Southeast quarter of the Northeast quarter of the Southwest Quarter of Section 3, Township 49 North, Range 3 West, Boise Meridian, Kootenai County, Idaho; Parcel ID Number, 49NO3W-03-5250.

These sales would benefit not only BAC but all the Creditors, the Debtor and the Buyers as they would allow the Debtor to modify her Chapter 11 Plan which, in turn, would increase its probability of success and be a benefit to all Creditors. Not having to make monthly payments on the two (2) mortgages will give the Debtor more cash flow to facilitate a Plan beneficial to the remaining Creditors.

4

As an alternative to selling the Aripa Property on a short sale, this property is covered by the Agreement reached between Countrywide and the Attorney General for the State of California as Idaho has joined several other States in this Agreement. Therefore, the Bank of America, which acquired Countrywide in 2008, must enter into a Loan Modification with the Debtor herein pursuant to the terms of this Agreement.

***Lift Stay Re:Properties:***

In order to effectuate the sales, this Court will have to grant the lifting of the Automatic Stay with regard to these two (2) properties pursuant to 11 USC 362(d)(3) which states:

> **(d)** On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—  . . .
>> **(3)** with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
>>> **(A)** the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time;  . . .

Just as with granting Debtor's Motion to sell the two (2) properties at issue herein, the lifting of the Automatic Stay will benefit not only BAC but all the Creditors, the Debtor and

the Buyers as this would allow the Debtor to modify her Chapter 11 Plan which, in turn, would increase the probability of success all to the benefit of all Creditors. Not having to make monthly payments on the two (2) mortgages will give the Debtor more cash flow to facilitate a Plan beneficial to the remaining Creditors.

### III. Conclusion

For the reasons set forth above, the Debtor, GERALDINE KIRK-HUGHES, respectfully requests that this Court will issue an Order directing her to sell the LaVerne Circle and the Aripa Road properties. Similarly, the Debtor requests that this Court will terminate the Stay as to these two (2) properties so that the sale of each can go immediately into Escrow with the sales being completed forthwith.

DATED this 16th day of August, 2010.

**KIRK-HUGHES & ASSOCIATES**

*/s/ Geraldine Kirk-Hughes*

Geraldine Kirk-Hughes, Esq.
Nevada Bar No. 003444
2551 S. Ft. Apache Rd., #103
Las Vegas, Nevada 89117
(702) 233-8683
Fax No. (702) 233-8661
gkhughes@kirkhugheslaw.com
Attorneys for Debtor