Douglas D. Gerrard, Esq.
dgerrard@gerrard-cox.com
Nevada Bar No. 4613
Sheldon A. Herbert, Esq.
sherbert@gerrard-cox.com
Nevada Bar No. 5988
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
alancaster@gerrard-cox.com
GERRARD COX & LARSEN
2450 Saint Rose Parkway, Suite 200
Henderson, Nevada 89074
(702) 796-4000
Attorneys for Interested Party,
BANK OF NEVADA

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No. BK-S-10-10004-BAM |
| GERALDINE KIRK-HUGHES, | ) Chapter 11 |
| Debtor. | ) **Date:** N/A <br> ) **Time:** N/A |

**LIMITED OBJECTION TO THE AMENDED DISCLOSURE STATEMENT OF DEBTOR, GERALDINE KIRK-HUGHES AND AMENDED CHAPTER 11 PLAN FOR REORGANIZATION DATED NOVEMBER 15, 2010**

COMES NOW Interested Party, BANK OF NEVADA (the "Bank"), by and through its attorneys, GERRARD COX & LARSEN, and files its limited objection to the Amended Chapter 11 Plan For Reorganization Dated November 15, 2010 and the Amended Disclosure Statement of the Debtor GERALDINE KIRK-HUGHES.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. The Bank is not technically a creditor of the Debtor, but it holds the beneficial interest in a first position deed of trust, recorded against 2551 S. Fort Apache Road, Las Vegas, NV 89102 (APN 163-07-501-013)(the "Property"). The borrower and sole obligor on the note associated with the deed of trust at issue is Virgie Vincent ("Vincent"). However, the Debtor claims that the Property is property of the estate, and that she is a co-owner of the Property with Vincent. Vincent apparently conveyed a joint interest in the Property to the Debtor after the Bank made its loan to Vincent.

\ \ \

1

2. As of March 5, 2010, the Bank was owed the principal sum of $523,122.49, plus interest in the amount of $10,240.92, late charges of $4,496.46, and other costs in the amount of $2,787.73 from Vincent. Pursuant to a September 21, 2009 appraisal by Lubawy & Associates, Inc., the Bank believes that the Property is worth the sum of $1,500,000.00. Therefore, the Bank believes that it is fully secured by the Property.

3. On or about May 19, 2010, the Court entered a Stipulation and Order Regarding Relief from the Stay, Adequate Protection and Guidelines for Future Delinquency [Doc. 56] (the "APO"). Paragraph 10 of the APO provided as follows:

> 10. The Debtor promises to make timely adequate protection payments to the Bank commencing on May 29, 2010 of principal and interest at a rate of Eight and 25/100 percent (8.25%) per annum, in the amount of $5,523.39, and continuing on the twenty-ninth (29th) day of each month thereafter during the course of the Chapter 11 Plan, **plus pay the pre-petition arrears on the Vincent Loan in the amount of $9,457.53 in monthly installments over the life of the Chapter 11 Plan, with interest at 8.25% per annum**.

A true and correct copy of the APO is attached hereto as Exhibit "A" and incorporated by this reference herein.

4. The APO ordered as follows:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Debtor shall make timely monthly payments to Bank of Nevada of principal and interest in the amount of FIVE THOUSAND FIVE HUNDRED TWENTY-THREE and 39/100 Dollars ($5,523.39), commencing on May 29, 2010, and continuing on the Twenty-Ninth (29th) day of each month thereafter **until the Chapter 11 Plan of the Debtor is completed, at which time, the balance of the Vincent Loan will be paid in full. The Debtor shall also pay the pre-petition arrears on the Vincent Loan in the amount of $9,457.53 in monthly installments over the life of the Chapter 11 Plan, with interest at 8.25% per annum.**

5. On or about November 15, 2010, the Debtor filed her Amended Chapter 11 Plan For Reorganization, dated November 15, 2010 [Doc. 132] (the "Plan"), which provided in Paragraph 5.04, that the "Class 6 Secured Claim" of the Bank would be paid from future income outside the plan, but that "pre-petition arrears of approximately Ten Thousand Dollars ($10,000.00) will be within this Plan . . ." A true and correct copy of the Plan is attached hereto as Exhibit "B" and incorporated by this reference herein.

\ \ \

\ \ \

2

6.  On or about November 15, 2010, the Debtor filed her Amended Disclosure Statement, dated July 14, 2010 [Doc. 133] (the "Disclosure Statement"), which provided in Section VII "Class 6 Claim of Bank of Nevada/Sahara Mortgage, 2551 S. Ft. Property" that the Bank would be paid outside the plan, but that "pre-petition arrears noted in the Stipulation Agreement will be made within this Plan entered on the Docket on May 19, 2010, as Docket #56." A true and correct copy of the Disclosure Statement is attached hereto as Exhibit "D" and incorporated by this reference herein.

7.  According to 11 U.S.C. § 1129, the Court shall confirm a plan only if, among other things:

With respect to each impaired class of claims or interests –

(A) each holder of a claim or interest of such class –

(i) has accepted the plan; or

(ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1129(a)(7)(A).

In this case, the Bank objects to the Chapter 11 Plan of the Debtor and the Disclosure Statement to the extent that they depart from or fail to clearly set forth the agreement of the parties set forth in the APO that the Bank be paid in full the balance of the Vincent Loan when the Plan is completed and that the Bank be paid $9,457.53 through the Plan at 8.25% per annum for pre-petition arrearages. The Plan fails to outline the payment schedule for the pre-petition arrearages. The APO requires that the pre-petition arrearages be paid in full during the course of the Plan.

The arrearages are properly in the amount of $9,457.53, which includes principal, interest and late charges owed by the borrower, Virgie Vincent, on the petition date. The Plan fails to provide a completion date for the Plan and for the scheduled monthly payments of the pre-petition arrearages. An interest rate of 8.25% is a realistic and fair market rate of interest for the kind of debt and property at issue and the Bank, which is fully secured, is entitled to the present value of the arrearages if repayment is permitted to be spread over the life of the Chapter 11 Plan. Further, the Bank expressly agreed to the APO in reliance upon the fact that, among other things, it would be paid the present value of its pre-petition arrearages.

3

Accordingly, the Chapter 11 Plan and the Disclosure Statement of the Debtor should not be approved unless they are modified to provide payments to the Bank as set forth in the APO.

Dated this 7th day of December, 2010.

GERRARD COX & LARSEN

/s/ Aaron D. Lancaster, Esq.
Douglas D. Gerrard, Esq.
Nevada Bar No. 4613
Sheldon A. Herbert, Esq.
Nevada Bar No. 5988
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
2450 Saint Rose Parkway, Suite 200
Henderson, Nevada 89074
Attorneys for Interested Party,
BANK OF NEVADA

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of GERRARD, COX & LARSEN, and that on the 8th day of December, 2010, I served a copy of the **LIMITED OBJECTION TO THE AMENDED DISCLOSURE STATEMENT OF DEBTOR, GERALDINE KIRK-HUGHES AND AMENDED CHAPTER 11 PLAN FOR REORGANIZATION DATED NOVEMBER 15, 2010,** as follows:

a.  Electronically Mailed By ECF System:

| | |
|---|---|
| JEREMY T BERGSTROM | mbergstrom@mileslegal.com |
| GERALDINE KIRK-HUGHES | gkhughes@kirkhugheslaw.com; jhbraecklein@kirkhugheslaw.com; olliek1@kirkhugheslaw.com |
| KATHLEEN A. LEAVITT | courtsecf3@las13.com |

b.  Deposited in the United States Mail, at Henderson, Nevada to:

** See Mailing Matrix **

/s/ Dawn M. Waddoups
Dawn M. Waddoups, an employee of
GERRARD COX LARSEN